## In re NAPA VALLEY PHYSICIANS PLAN, Debtor.

### No. 01–10255.

United States Bankruptcy Court, N.D. California.

Aug. 6, 2001.

---

**456**

John H. MacConaghy, Law Offices of John H. MacConaghy, Sonoma, CA, for debtor.

Reidun Stromsheim, Law Offices of Stromsheim and Associates, San Francisco, CA, for trustee.

### *Memorandum on Objection to Claim*

ALAN JAROSLOVSKY, Bankruptcy Judge.

In this case, claimant Brigid Mulligan seeks allowance of an administrative claim in the amount of $74,632.00. She is the former CEO of a wholly-owned subsidiary of the debtor. The claim is for six months' severance pay, based on a contract between Mulligan and the subsidiary entered into before the debtor filed its bankruptcy petition. The Chapter 7 trustee objects.

The court sees no basis in law or in equity for Mulligan's claim. She only worked for a total of ten months, for which she was paid a handsome salary of over $11,000.00 per month. She now wants an additional six months' pay for doing no work at all, based on a prepetition contract which was never assumed by the debtor. The debtor was not even a party to the contract.

The slim legal basis for the claim is Mulligan's assertion that the debtor is liable for the salary of employees of its wholly-owned subsidiary. In support of this position, she cites a footnote in a Pennsylvania bankruptcy court case and a provision of the California Labor Code, neither of which remotely supports the assertion. In essence, Mulligan is seeking to pierce the corporate veil without any factual basis.

Even if the debtor's estate were legally liable to Mulligan, her claim is contrary to every notion of equity. Administrative claims are paid at the expense of other creditors, so allowance is narrowly construed and strictly limited to the actual, necessary costs and expenses of preserving the estate. *In re Palau Corp.*, 139 B.R. 942, 944 (9th Cir. BAP 1992), *aff'd* 18 F.3d 746 (9th Cir.1994). The claimant must show that the debt asserted to be an administrative expense arose from a transaction with the debtor in possession or gave consideration to the debtor in possession and directly and substantially benefitted the estate. *In re DAK Industries*, 66 F.3d 1091, 1094 (9th Cir.1995). The burden of proving an administrative expense is on the claimant. *Id.*

Mulligan correctly points out that severance pay may be allowed as an administrative expense under certain equitable circumstances. However, there is a huge difference in equity between low-paid taxi drivers seeking two weeks severance pay, *Matter of Tucson Yellow Cab Co., Inc.*, 789 F.2d 701 (9th Cir.1986), and a six-figure salaried CEO seeking six months' pay. This case is much closer factually to *In re Selectors, Inc.*, 85 B.R. 843 (9th Cir. BAP 1988), in which severance pay provided in the "parachute clause" of an attorney's prepetition employment contract was not allowed priority status. As the court noted in Yellow Cab, equity is the over-

riding consideration in such cases, and must be directed to the care and preservation of the estate. 789 F.2d at 704.

To summarize, Mulligan has not established that the debtor or its estate is legally liable for her severance pay. Even if it were liable, she has not come close to establishing that the value of her services exceeds the amount she was paid in salary. Accordingly, the trustee's objection to her claim will be sustained. Counsel for the trustee shall submit an appropriate form of order.